Isaiah S. Neal
PO Box
Las Vegas, NV 89173
Isaiah.neal@gmail.com



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

| | |
|---|---|
| ISAIAH S. NEAL,<br><br>Plaintiff<br><br>v.<br><br>BARBARA M. BARRETT,<br>DEPARTMENT OF THE AIR FORCE<br><br>Defendant. | **2:20-cv-02281-JAD-NJK**<br><br>Bench Decision Requested |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's civil rights granted under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff was discriminated against and retaliated against based on his race (Black) and his prior EEO activity in the terms and conditions of employment, eventually leading to a termination during his probationary employment.

### JURISDICTION AND VENUE

1

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, Civil Rights Act of 1964, Title VII.

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the Department of the Air Force ("the employer" or "Defendant"). The claims arise from events that took place between January 17, 2017 and March 31, 2017 in the facility located at Nellis Air Force Base, Nevada. Accordingly, venue lies in the United States District Court for the Western District of Texas.

## PARTIES

3. The pro se Plaintiff, Isaiah S. Neal, during relevant time was a Real Property Specialist- Palace Acquire (PAQ) employee who has a mailing address is PO Box 30483, Las Vegas, NV 89173.

4. The Defendant, Barbara M. Barrett, is the Secretary of the Department of the Air Force with the Headquarter at 1690 Air Force Pentagon, Washington, DC 20330-1670.

5. At all relevant times, David S. Cruikshank, was Chief, Asset Accountability, GS-0301-12, Installation management Flight, 99 Civil Engineering Squadron, Nellis Air Force Base, Las Vegas, Nevada. He was Plaintiff's first level supervisor.

6. At all relevant times, Douglas C. Fitzpatrick was Deputy Base Civil Engineer, GS-14, DAF at Nellis Air Force Base, Las Vegas, Nevada.

7. At all relevant times, Captain Kyle Kowalchuk was Officer in Charge (OIC) in Asset Accountability between September 2016 and August 2017. He served as Plaintiff's mentor.

2

8. At all relevant times, Elizabeth Ann McDuffie was a Real Property Accountable Officer (RPAO), GS-1170-12, serving as the Lead for the Real Property Office. She was a trainer for Plaintiff.

9. The Department of the Air Force engages in commerce for the purposes of Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statutes and regulations at issue in this case.

## STATEMENT OF FACTS

10. The pro se Plaintiff, Isaiah S. Neal, is an educated African-American male and military Veteran.

11. Since July 25, 2016, Plaintiff had been employed by the Defendant in the capacity of Realty Specialist, GS-1170-07, Asset Accountability, 99 Civil Engineering Squadron, PQ155-1981955 in Air Force Civil Career TNG FO 00BW, CTP COMMAND: IV, PALACE ACQUIRE PROGRAM, INT OSC: DPCPAQ, Nellis Air Force Base, Las Vegas, Nevada 89191.

*Plaintiff's Prior Protected Activities*

12. On February 17, 2017 Plaintiff initiated the EEO contact with the EEO counselor and alleged discrimination when he was rated unsatisfactory in 4 performance areas and was placed on a 60-day performance action plan.

*Particulars of Allegations*

**The Plaintiff alleges that based on his race (Black) and based on his prior protected EEO activity (on February 17, 2017), he was discriminated and retaliated against when:**

3

16. On January 17, 2017 Mr. David S. Cruikshank and Ms. Elizabeth Ann McDuffie informed Plaintiff that his participation and training according to the Palace Acquire Program (PAQ) contract was discontinued.

17. On January 18, 2017 Mr. Cruikshank (in the presence of Ms. Duffie, and Capt. Kyle Kowlachuk) issued Plaintiff a performance evaluation in which he was rated "unsatisfactory" in 4 performance areas, and "needs improvement" in 3 other performance areas.

18. On January 18, 2017 Cruikshank placed Plaintiff on a 60-day performance action plan.

19. Between February 2017 and March 2017 Cruikshank emailed all staff informing that if any had any issues with Plaintiff, they were to report the issues to Cruikshank himself immediately.

20. On February 9, 2017 Plaintiff's mandatory request for a new mentor was denied by Cruikshank in the presence of McDuffie, and Capt. Kowlachuk.

21. On February 9, 2017 Cruikshank falsely accused Plaintiff of touching a co-worker Julie Hanania.

22. On February 23, 2017 Cruikshank issued Plaintiff a Memorandum for Record regarding the alleged altercation between Plaintiff and SSgt. Andrew Marjenhoff.

23. On February 23, 2017 SSgt. Andrew Marjenhoff verbally abused Plaintiff. Plaintiff reported this incident to Capt. Kowlchuck and Ms. McDuffie to no avail.

24. On February 24, 2017 Capt. Kowlachuck discontinued Plaintiff's scheduled weekly mentor sessions, despite the fact that they were mandatory for Plaintiff's performance action plan and for Plaintiff's participation in the PAQ program.

4

25. Around March 2017, Plaintiff's duties and responsibilities were eroded. His work in the Space Optimization department was eroded and reduced to mere filing of folders, while other co-workers were promoted.

26. On March 23, 2017 Cruikshank terminated Plaintiff's enrollment in the mandatory course necessary for his participation in Palace Acquire Program (PAQ).

27. On March 28, 2017 David S. Cruikshank issued Plaintiff a notice of Termination During Probation.

28. On March 31, 2017 Douglas C. Fitzpatrick issued Plaintiff a Notice of Termination Review Decision, affirming Cruikshank's March 28, 2017 termination notice.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. On February 17, 2017 Plaintiff initiated the EEO contact with the EEO counselor and alleged discrimination about being rated unsatisfactory in 4 performance areas and being placed on a 60-day performance action plan.

30. On March 28, 2017 Plaintiff filed a formal EEO complaint (Agency case number: 9H1C17002 )regarding reprisal and discontinued Palace Acquire mandatory training program; poor performance rating; denial of the request for a new mentor; denial of scheduled work promotion, hostile work environment and memorandum for record regarding the alleged altercation between Plaintiff and SSgt. Marjenhoff.

5

31. On May 15, 2017 Plaintiff filed an amended EEO complaint regarding discontinuation of the weekly mentor sessions, erosion of duties, cancellation of Palace Acquire training program, and the termination of employment.

32. On June 7, 2018 EEOC Administrative Judge (AJ) issued an Acknowledgement And Order (EEOC case number: 480-2018-00379X). On March 11, 2019 the EEOC AJ entered a decision of case.

33. On April 22, 2019 the Final Agency Decision was issued, which was a timely appeal to the Office of Federal Operations (OFO), EEOC.

34. On September 15, 2020 OFO issued the Decision affirming the Final Agency Decision.

### REMEDIES and RELIEF

35. Plaintiff seeks appropriate remedies, pecuniary and non-pecuniary, including but not limited with the appropriate lost wages, medical, school loans, fringe benefits and all incentives contractually to Plaintiff according to PAQ contract.

### NO JURY DEMAND

36. The Plaintiff herein hereby a bench decision on all issues in this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant.

6

Respectfully Submitted,

[signed] *Isaiah Neal*
Date: December 15, 2020

Isaiah S. Neal
9501 Sahara Avenue, #2030
Las Vegas, NV 89117
361-248-8545
Isaiah.neal@gmail.com

7