UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Isaiah Neal, | Case No.: 2:20-cv-02281-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss with Leave to Amend** |
| Barbara Barrett, et al., | [ECF No. 17] |
| Defendants | |

Pro se plaintiff Isaiah Neal brings this civil-rights action against the United States, the U.S. Department of the Air Force, and its former secretary Barbara Barrett for racial discrimination and retaliation. The defendants move to dismiss Neal's complaint for failure to state a claim. Neal opposes the motion and seemingly attempts to add a new claim in his opposition, in which he also mistakenly construes the defendants' motion as one for summary judgment. Because Neal's complaint fails to state a claim for either racial discrimination or retaliation, I grant the defendants' motion to dismiss. But because Neal is a pro se litigant, I grant him leave to amend his complaint by June 10, 2022, if he can sufficiently plead factual allegations to support his claims.

**Background**[1]

Neal, who identifies as African American, was employed as a Realty Specialist in the Palace Acquire (PAQ) Program at the Nellis Air Force Base in Las Vegas, Nevada, from 2016 to 2017.[2] In January 2017, Neal was informed that his participation and training in the PAQ Program "was discontinued," and he received "a performance evaluation in which he was rated

---

[1] This is a summary of Neal's allegations and should not be construed as findings of fact.
[2] ECF No. 1-1 (complaint) at ¶¶ 10–11, 27.

'unsatisfactory' in 4 performance areas[] and 'needs improvement' in 3 other performance areas."[3] So he was placed on a 60-day performance-action plan.[4] Between February and March, Neal alleges that a host of incidents occurred: his supervisor emailed all staff asking them to "immediately" report any issues about Neal, his request for a new mentor was denied, he was falsely accused of touching a coworker, he was verbally abused, and his weekly mentor sessions were discontinued.[5]

On February 17, 2017, Neal contacted an Equal Employment Opportunity (EEO) counselor, believing he had been discriminated against.[6] He alleges that his "duties and responsibilities were eroded" by March 2017 and that his work was "reduced to [the] mere filing of folders, while other co-workers were promoted."[7] On March 23, 2017, Neal's supervisor "terminated [his] enrollment in the mandatory course necessary for his participation in" the PAQ Program.[8] He then received a notice of termination on March 28, 2017, a decision which was affirmed three days later and effectively "end[ed] his federal civil career."[9] He filed an EEO complaint on March 28, 2017—the same day on which he was terminated—and he later amended that complaint; it appears that the final decision on Neal's EEO complaint was unfavorable to him.[10]

---

[3] *Id.* at ¶¶ 16–17.
[4] *Id.* at ¶ 18.
[5] *Id.* at ¶¶ 19–24.
[6] *Id.* at ¶ 29.
[7] *Id.* at ¶ 25.
[8] *Id.* at ¶ 26.
[9] *Id.* at ¶¶ 27–28; ECF No. 23 at 9 (cleaned up).
[10] ECF No. 1-1 at ¶¶ 30–34. Although Neal indicates that he filed his EEO complaint on the same day that he was terminated, it is unclear which occurred first.

2

**Discussion**

**I.     The motion-to-dismiss standard applies to the defendants' motion.**

Although the defendants captioned their motion to dismiss as such, Neal construed it as a motion for summary judgment, applying the incorrect standard in his opposition brief.[11]  The defendants urge me not to convert their motion to dismiss into one for summary judgment and to "refuse to consider [Neal's] four exhibits attached to his response brief for purposes of deciding whether to grant or deny the motion."[12]  Because Neal is a pro se litigant, I conclude that he likely inadvertently included the summary-judgment standard in his opposition brief, so I decline to convert the defendants' motion into one for summary judgment.  And because the motion-to-dismiss standard applies, I decline to consider Neal's four exhibits in deciding this motion.

**II.    Legal standard for a motion to dismiss**

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[13]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[14]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[15]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is

---

[11] ECF No. 23.

[12] ECF No. 25 at 5.

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[14] *Id.*

[15] *Id.* at 679.

liable for the alleged misconduct.[16]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[17]

### III. Neal's racial-discrimination claim is insufficiently pled.

Title VII of the Civil Rights Act of 1964 "tolerates no racial discrimination, subtle or otherwise"[18] and aims to "assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens."[19]  A plaintiff "must offer evidence that give[s] rise to an inference of unlawful discrimination," and "the amount that must be produced in order to create a *prima facie* case is very little."[20]  To sufficiently plead a prima facie case, a plaintiff must show that: (1) he is a member of a protected class (2) who was qualified for his position (3) but was subject to an adverse employment action (4) for a discriminatory reason or to which similarly situated individuals outside his protected class weren't subjected.[21]

The defendants don't dispute the first or third elements of this claim, and I find that Neal has sufficiently pled them at this stage.  He has established that he is a member of a protected class based on his race and alleges that he faced an adverse employment action when he was

---

[16] *Id.*

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973).

[19] *Id.* at 800 (citations omitted).

[20] *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1110–11 (9th Cir. 1991) (cleaned up) (emphasis in original).

[21] *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123–24 (9th Cir. 2000) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).

terminated from his position with the PAQ Program.[22]  So the second and fourth elements—whether Neal "was performing his job satisfactorily or that specific employees outside of his protected class were treated more favorably"—are the crux of the defendants' dismissal arguments.[23]  The defendants also assert that "none of [Neal's] allegations link the alleged improprieties to discrimination based on race."[24]  And Neal's opposition fails to address these deficiencies.  He instead points out that he didn't receive the "required mentorship, mandatory formal training, and annual promotions" that were part of his agreed-upon terms as a PAQ employee and concludes that he was deprived of these benefits "because of his race and color."[25]

On its face, Neal's complaint does not allege a prima facie case of racial discrimination because it lacks allegations showing that he was terminated because of his race and fails to establish the second and fourth elements of a racial-discrimination claim.  As for the second element, Neal hasn't sufficiently alleged that he was qualified for his position or that he was performing satisfactorily, as nothing in Neal's complaint touches on this element.[26]  It appears that Neal tried to add allegations supporting this element in his opposition brief,[27] but Rule 8 requires that the allegations appear in the complaint itself.[28]

---

[22] ECF No. 1-1 at 3, 5.

[23] ECF No. 17 at 5.

[24] *Id.*

[25] ECF No. 23 at 5.

[26] *See* ECF No. 1-1.

[27] *See id.* at 6 (explaining that Neal "received two consecutive evaluations with satisfactory job performance" and citing to his trainer's sworn declaration in which the trainer said Neal "showed great initiative," "completes tasks timely," and "had great potential.").

[28] Fed. R. Civ. P. 8.

The extent of Neal's allegations supporting the fourth element is his assertion that "other co-workers were promoted" while his work "was eroded and reduced to [the] mere filing of folders."[29] This is not sufficient to allege that similarly situated individuals outside of Neal's protected class were not subjected to discriminatory treatment. Again, Neal seemingly attempts to add allegations in his opposition brief, repeatedly noting that the defendants' "management is all Caucasian"[30] But in the Ninth Circuit, the mere "fact that a defendant of a different race than the plaintiff made or was involved in making a decision that the plaintiff disagreed with, standing alone, does not mean the plaintiff was 'discriminated on the basis of race.'"[31] Neal also states in his opposition that "several non-black PAQ Interns and individuals under the same supervisor, who are outside Mr. Neal's protected class[,] received satisfactory evaluations."[32] But such allegations must appear in Neal's complaint itself. So because Neal hasn't sufficiently alleged a racial-discrimination claim, I grant the defendants' motion to dismiss that claim but also grant Neal leave to amend it and cure the deficiencies.

## IV.     Neal's retaliation claim is insufficiently pled.

To state a prima facie case of retaliation, a plaintiff must show (1) that he "undertook a protected activity under Title VII," (2) defendants subjected him to an adverse employment action, and (3) that there exists "a causal link between the two."[33] As to the third element, the Supreme Court has held that Title VII retaliation claims must meet a stricter standard of

---

[29] ECF No. 1-1 at ¶ 25.

[30] *Id.* at 5, 7–8.

[31] *Pinder v. Emp. Dev. Dep't*, 227 F. Supp. 3d 1123, 1140 (E.D. Cal. 2017) (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005)) (other citations omitted).

[32] ECF No. 23 at 8.

[33] *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003).

causation than discrimination claims.[34]  Retaliation "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[35]

Neal's complaint lacks allegations supporting his retaliation claim.  He alleges that he initiated contact with an EEO counselor on February 17, 2017, and that he didn't file his formal complaint until March 28, 2017—the same day he was terminated.[36]  But he doesn't allege any facts showing that an adverse employment action—presumably his termination—was taken or that his protected activity—contacting the EEO counselor—was causally linked to his termination.  To proceed on his retaliation claim, Neal must allege in his complaint true facts to support each of the three elements.  It appears that he believes he was terminated because he contacted the EEO counselor (and potentially because he filed a formal EEO complaint) but that is not evident from his complaint as it stands now.  So because Neal hasn't sufficiently pled a retaliation claim, I grant the defendants' motion to dismiss.  And because I am not convinced that Neal cannot cure the deficiencies through amendment, I grant him leave to amend this claim.

## V. Leave to amend

Although I declined to consider Neal's exhibits in deciding the defendants' motion to dismiss, the defendants argue that I could consider them in determining whether to grant Neal leave to amend his complaint.[37]  While it is true that "[a] court may consider '[f]acts raised for

---

[34] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

[35] *Id.*

[36] ECF No. 1-1 at ¶¶ 27–30.

[37] "The [c]ourt can consider the response and exhibits in determining whether [Neal] can amend his complaint, or if the complaint should be dismissed with or without prejudice."  ECF No. 25 at 5 (citing *Dearaugo v. PNC Bank, Nat'l Ass'n*, 2012 WL 5818131, at *2 (D. Nev. Nov. 15, 2012); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001)).

the first time in a plaintiff's opposition papers' when deciding whether leave to amend is warranted,"[38] I decline to do so here. And I caution Neal that any allegations he wishes to make must appear within the four corners of his complaint and may not be attached as exhibits unless they are incorporated by reference in the complaint itself.

The defendants also contend that leave to amend would be futile. "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[39] "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."[40] I find that Neal, a pro se litigant who has yet to amend his original complaint, deserves another opportunity to attempt to state his claims.

So I grant Neal leave to amend his racial-discrimination and retaliation claims. I caution Neal that he must meet *all* elements of both claims and must plead sufficient true facts showing that the actions the defendants took against him were motivated by Neal's race and not some other factor. If Neal files an amended complaint, I remind him that the amended complaint would entirely replace his original complaint and should be titled "First-Amended Complaint." Any specifics that Neal wishes to refer to in his complaint must appear on the face of the new complaint and cannot be included merely through exhibits. I also encourage Neal to confirm the dates of each event he cites to, so that the timeline of events is clear to the court and the defendants, particularly with respect to Neal's retaliation claim. To the extent that Neal wishes

---

[38] *Shavelson v. Hawaii Civil Rights Comm'n*, 740 F. App'x 532, 534–35 (9th Cir. 2018) (quoting *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)) (other citations omitted).

[39] *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (cleaned up).

[40] *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (cleaned up).

to add a hostile-work-environment claim to this lawsuit—which appears to be the case based on his inclusion of it in his opposition brief—he may add such a claim to his first-amended complaint. But again, he must ensure that he pleads sufficient facts to support all of the required elements of the claim.

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 17] is GRANTED**. Neal's complaint is **DISMISSED with leave to amend**. If Neal chooses to file an amended complaint, he must do so by June 10, 2022, and title it "First-Amended Complaint." If he fails to file a first-amended complaint by that date, this case will be closed without further notice.

_____
U.S. District Judge Jennifer A. Dorsey
May 10, 2022

9