**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Isaiah Neal,

     Plaintiff

v.

Frank Kendall,[1] et al.,

     Defendants

Case No.: 2:20-cv-02281-JAD-NJK

**Order Granting Motion to Dismiss and
Denying Motion to Amend Complaint**

[ECF Nos. 34, 38]

     Earlier this year, I granted pro se plaintiff Isaiah Neal leave to file an amended complaint to address the deficiencies in his initial pleading.  In that order, I identified the elements of retaliation and racial discrimination that Neal must allege for his claims to survive the motion-to-dismiss stage.  I also gave him leave to add a hostile-work-environment claim if he could sufficiently allege one.  Neal timely filed a first-amended complaint, adding claims for breach of contract, failure to train or supervise, and hostile work environment.  The defendants move to dismiss, arguing that Neal's first-amended complaint "is replete with jurisdictional and pleading problems."[2]  Neal opposes dismissal and moves for leave to file a second-amended complaint. The defendants contend that Neal should be denied leave because his motion doesn't comply with this district's local rules and he "has already had the benefit of two motions to dismiss that highlight specific issues with the pleading [along with] this [c]ourt's instructions for amending."[3]

---

[1] Frank Kendall began his role as Secretary of the United States Air Force in July 2021 and is the current head of that agency.  I direct the clerk of court to substitute Frank Kendall for Barbara Barrett as a defendant in this case. Fed. R. Civ. P. 25(d).

[2] ECF No. 34 at 1 (defendants' motion to dismiss).

[3] ECF No. 43 at 2 (defendants' response to Neal's motion for leave to amend).

I find that Neal has sufficiently pled a claim for retaliation at this stage, so this claim may proceed.  But he hasn't adequately alleged that he was discriminated against based on his race, so I dismiss that claim.  And although he had leave to add a hostile-work-environment claim, because his allegations fall short of what's required, I dismiss it, too.  Neal didn't have the court's permission to add additional claims to his amended pleading, so I grant the defendants' motion to dismiss the two other claims that Neal added to his first-amended complaint.  And because amendment would be futile, I deny Neal's motion seeking leave to file a second-amended complaint.  This case thus proceeds on Neal's retaliation claim only.

## Discussion

### I.   Legal standard

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[4]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[5]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[6]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[7]  A complaint that does not permit the court to infer more than

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[5] *Id.*

[6] *Id.* at 679.

[7] *Id.*

the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[8]

## II.    Defendants' motion to dismiss

### A.    Neal has sufficiently pled a retaliation claim at this stage.

I gave Neal leave to amend his retaliation claim if he could allege true facts to support the required elements because it wasn't clear that he couldn't cure that claim's deficiencies through amendment.[9]  So he added allegations to his first-amended complaint, including that his termination occurred after he engaged in protected activity—contacting an Equal Employment Opportunity (EEO) counselor.[10]  He indicates that he filed an informal EEO complaint on February 17, 2017; management became aware of that complaint four days later; and Neal was eventually terminated from his position on March 28, 2017.[11]  Neal alleges that he was terminated because he contacted the EEO counselor and possibly because he ultimately filed a formal EEO complaint, but it remains unclear whether he filed that complaint before or after he was terminated, as he filed it on the day of the termination.

To state a prima facie case of retaliation, a plaintiff must show (1) that he "undertook a protected activity under Title VII," (2) defendants subjected him to adverse employment action, and (3) that there exists "a causal link between the two."[12]  As to the third element, the Supreme Court has held that Title VII retaliation claims must meet a stricter standard of causation than

---

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] ECF No. 32 at 6–7.

[10] ECF No. 33 at 9, 11.

[11] *Id.* at 9.

[12] *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003).

3

discrimination claims.[13]  Retaliation "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[14]  So because Neal has pled facts showing that he was terminated after he engaged in protected conduct—contacting the EEO counselor—his claim survives dismissal.

### B.    Neal has not pled a proper racial-discrimination claim.

Title VII of the Civil Rights Act of 1964 "tolerates no racial discrimination, subtle or otherwise"[15] and aims to "assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens."[16]  A plaintiff "must offer evidence that give[s] rise to an inference of unlawful discrimination," and "the amount that must be produced in order to create a *prima facie* case is very little."[17]  To sufficiently plead a prima facie case, a plaintiff must show that: (1) he is a member of a protected class (2) who was qualified for his position (3) but was subject to an adverse employment action (4) for a discriminatory reason or to which similarly situated individuals outside his protected class weren't subjected.[18]

When I dismissed Neal's original racial-discrimination claim, I did so because I concluded that "Neal's complaint does not allege a prima facie case of racial discrimination

---

[13] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

[14] *Id.*

[15] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973).

[16] *Id.* at 800 (citations omitted).

[17] *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1110–11 (9th Cir. 1991) (cleaned up).

[18] *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123–24 (9th Cir. 2000) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).

because it lacks allegations showing that he was terminated because of his race and fails to establish the second and fourth elements of a racial-discrimination claim."[19]  Despite the opportunity to add allegations to his complaint to cure this deficiency, Neal's amended pleading still fails to meet these elements.  Because it appears that leave to amend would be futile, as Neal had leave and was unable to establish the required elements, I grant the defendants' motion to dismiss the racial-discrimination claim without further leave to amend.

### C.    Nor does he state a claim for hostile work environment.

Under Title VII, "[a] hostile work environment is one [in which] 'the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"[20]  The defendants argue that "it is unclear which facts [Neal] wishes to utilize to support his claim" and that he doesn't "attempt to show that an objectively offensive environment existed."[21]

In his first-amended complaint, Neal indicates that he "seeks to amend his [c]omplaint to add claims . . . including hostile work environment."[22]  He conclusorily states that the defendants "intimidated" him and "created . . . a hostile and oppressive work environment, causing him to be humiliated, threatened, scrutinized, and ultimately terminated from his federal position."[23]  But he provides no other factual allegations supporting this claim.  He alleges some odd

---

[19] ECF No. 32 at 5–6.

[20] *Ware v. NBC Nev. Merchants, Inc.*, 219 F. Supp. 3d 1040, 1051 (D. Nev. 2016) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

[21] ECF No. 34 at 13.

[22] ECF No. 33 at 2.

[23] *Id.* at 15.

instances of the defendants' behavior, including that a white supervisor drew Neal "on a white chalkboard as a small stick-figure, inside a little box and told [Neal] this is you—a square in a box."[24]  But he doesn't sufficiently allege facts to support the kind of "pervasive" conduct that typically amounts to a hostile-work-environment claim.  So because Neal hasn't demonstrated that he can meet the elements of this claim, I grant the defendants' motion to dismiss it.

### D.  Neal didn't have leave to add claims for breach of contract or failure to train or supervise.

When I granted Neal leave to file an amended complaint, I specified that he could amend his racial-discrimination and retaliation claims and add a hostile-work-environment claim.[25]  But I didn't give him leave to add other claims.  Despite that limitation, he added claims for breach of contract and failure to train or supervise to his first-amended complaint.[26]  The defendants argue that this court lacks subject-matter jurisdiction over both claims.[27]  I need not address these jurisdictional arguments because Neal didn't have the court's permission to insert these additional claims.  I thus grant the defendants' motion to dismiss them because they were filed without the court's permission.

## III.  Neal's motion for leave to file a second-amended complaint is denied.

On the same day that Neal filed his opposition to the defendants' motion to dismiss, he also filed a "consent motion for leave to file [a] second[-]amended complaint."[28]  In it, he explains that "[t]he only difference between" the first-amended complaint and the one he would

---

[24] ECF No. 33 at 7.

[25] ECF No. 32 at 8–9.

[26] ECF No. 33 at 9–13, 17.

[27] ECF No. 34 at 6–8.

[28] ECF No. 38.

like to bring is that defendant Barbara Barrett would be replaced by Frank Kendall.[29]  This is presumably in response to the defendants' argument that Neal "fail[ed] to name a proper defendant."[30]  In this order, I am rectifying the naming issue through Federal Rule of Civil Procedure (FRCP) 25(d), so that issue is moot.[31]  And Neal seemingly also seeks leave to amend his complaint to include allegations about his "[e]xhaustion of [a]dministrative [r]emedies" that he included in his initial complaint.[32]  In my earlier order granting the defendants' motion to dismiss, I was clear that an "amended complaint would entirely replace [Neal's] original complaint" and "[a]ny specifics that Neal wishes to refer to in his complaint must appear on the face of the new complaint and cannot be included merely through exhibits."[33]

As the defendants point out, Neal's motion for leave also doesn't comply with this district's local rules.[34]  Under Local Rule 15-1(a), "[u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading," emphasizing that "[t]he proposed amended pleading must be complete in and of itself."[35]  The failure to attach a proposed amended complaint is a sufficient basis on which to deny Neal's motion.  But even if it weren't procedurally deficient, amendment for the purposes that Neal seeks would be futile.  He seeks to have the name of the defendant

---

[29] *Id.* at 1–2.

[30] ECF No. 34 at 6.

[31] *Supra* note 1.

[32] ECF No. 38 at 2–4.

[33] ECF No. 32 at 7–9.

[34] ECF No. 43 (citing L.R. 15-1(a)).

[35] L.R. 15-1(a).

agency head replaced, but I already addressed that in the beginning of this order.  So I deny him leave to file another amended complaint.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 34] is GRANTED in part and DENIED in part**.  Neal's claims for racial discrimination, hostile work environment, breach of contract, and failure to train or supervise are dismissed.  This case proceeds on Neal's retaliation claim only.

IT IS FURTHER ORDERED that Neal's motion seeking leave to file an amended complaint **[ECF No. 38] is DENIED**.

IT IS FURTHER ORDERED that under Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Frank Kendall for Barbara Barrett as a defendant in this case.

_____
U.S. District Judge Jennifer A. Dorsey
August 26, 2022