UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Isaiah Neal,<br><br>　　　　Plaintiff<br>v.<br><br>Frank Kendall, et al.,<br><br>　　　　Defendants | Case No.: 2:20-cv-02281-JAD-NJK<br><br>**Order Denying Motions to Reconsider<br>and Stay Judgment**<br><br>[ECF Nos. 86, 87] |

　　　Pro se plaintiff Isaiah Neal sued the United States, the U.S. Department of the Air Force, and the U.S. Air Force Secretary Frank Kendall (collectively, the Air Force) for retaliation under Title VII of the Civil Rights Act.  I granted summary judgment for the Air Force and Neal now seeks reconsideration of that order, complaining of a number of problems with the discovery process and the decision itself.[1]  He also moves for a stay of the judgment against him pending his Ninth Circuit appeal.[2]  The Air Force opposes both motions.  It contends that Neal's numerous complaints about the summary-judgment order aren't grounds for reconsideration under the applicable federal rules.[3]  The Air Force also argues that Neal hasn't carried his burden to show that a stay is warranted.[4]  Neal hasn't provided a legally valid reason to reconsider my summary judgment order, so I deny that motion.  And I deny his motion for a stay because the limited rationale he provides isn't enough to show that he is entitled to such relief.

---

[1] ECF No. 87.
[2] ECF No. 86.
[3] ECF No. 94.
[4] ECF No. 95.

## Background[5]

This suit centers on the Air Force firing Neal from his realty specialist position in 2017.[6] Neal initially alleged that the circumstances surrounding his termination gave rise to number of causes of action, but only his retaliation claim—premised on two Equal Employment Opportunity (EEO) complaints that he made before he was fired—survived the Air Force's motion to dismiss.[7] The parties participated in discovery and then filed crossmotions for summary judgment. I found that even if Neal could make out a prima facie retaliation claim, the Air Force had offered legitimate reasons for firing him, and he hadn't presented specific and substantial evidence that those reasons were pretextual.[8] So I granted the Air Force's motion and denied Neal's.[9] He now moves for reconsideration of that order under "Federal Rule of Civil Procedure 60(b)(6) and Federal Rule 59."[10]

## Discussion

### I. Motion to reconsider

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)."[11] Reconsideration is proper under Rule 59(e) if the court "(1)

---

[5] The summary-judgment order contains a detailed discussion of the facts relevant to this case, *see* ECF No. 81 at 1–4, and I incorporate that discussion here.

[6] ECF No. 1-1.

[7] ECF No. 45.

[8] ECF No. 81.

[9] *Id.*

[10] ECF No. 87

[11] *Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 (9th Cir. 2016) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). Preliminarily, I note that neither Neal's initial motion to reconsider nor his amended motion to reconsider was filed within 28 days of the judgment in this case. *See* ECF Nos. 81, 82, 85, 86. His motion is therefore untimely to the extent that it seeks relief under Rule 59(e). But the Air Force forfeited any untimeliness argument by not raising this issue in its briefing. *See Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581

is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[12]  "Rule 60(b) allows for relief from a final judgment, order, or proceeding for any of six reasons"[13] and contains a catch-all provision—Rule 60(b)(6)—though a party seeking relief under that provision must demonstrate the existence of "extraordinary circumstances."[14]  Regardless of what rule it is brought under, a motion for reconsideration "is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[15] and it may not be based on arguments or evidence that could have been raised previously.[16]  Reconsideration is an "extraordinary remedy" that should "be used sparingly in the interests of finality and the conservation of resources."[17]

---

F.3d 1138, 1143 (9th Cir. 2009) (time restrictions described in Rule 6(b) and 50(b), which cover deadlines for filing post-judgment motions, aren't based in statute and are therefore "non-jurisdictional claim-processing rule[s]" that "can be waived or forfeited"); *see also Am. Indep. Mines & Mins. Co. v. U.S. Dep't of Agr.*, 494 F. App'x 724, 726 (9th Cir. 2012) (unpublished) (defendants forfeited argument that Rule 59(e) motion was untimely because they "failed to raise" it "until after the district court had considered the merits of the Rule 59(e) motion").  So I consider Neal's motion under both Rule 59(e) and Rule 60(b).

[12] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

[13] *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020)).

[14] Fed. R. Civ. P. 60(b)(6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

[15] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

[16] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Exxon Shipping*, 554 U.S. at 485 n.5.

[17] *Kona Enters.*, 229 F.3d at 890 (quoting James Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

### A. Discovery issues

#### 1. Neal's complaints about the Air Force's responses to his discovery requests aren't grounds for post-judgment relief.

Neal takes issue with the Air Force's responses to various discovery requests that he propounded, arguing that its responses were inadequate in several of ways.[18] His overarching position is that incomplete responses to a number of interrogatories impeded his ability to support various aspects of his retaliation claim on summary judgment. He contends, for example, that this is why he wasn't able to show that Douglas Fitzpatrick—Neal's second-level supervisor—knew of the March 29 EEO complaint before he issued Neal's March 31 termination-review memorandum.[19] Neal argues that he was unable to show that the Air Force deviated from standard evaluation and discipline practices in his case because of incomplete discovery responses, too.[20] The Air Force counters that "[t]he time for discovery is over" and that discovery disputes of this type should have been raised and resolved long ago.[21]

Setting aside the questionable validity and significance of some of Neal's points,[22] he fails to explain how any of them warrants relief under Rule 59(e) or 60(b). Neal hasn't argued,

---

[18] *See* ECF No. 87 at 2–6.

[19] *Id.* at 2–4, 6.

[20] *Id.* at 4–6.

[21] ECF No. 94 at 4.

[22] Neal highlights, for example, that the Air Force didn't provide evidence that Fitzpatrick knew of Neal's formal EEO complaint when Fitzpatrick reviewed and signed off on his termination two days after that EEO complaint was filed. ECF No. 87 at 2–3. But as discussed in the summary-judgment order, Neal's termination was already underway (and he had already been told that he was going to be fired) before he filed that formal EEO complaint. ECF No. 81 at 7. Neal offers nothing beyond his own beliefs to support his position that the Air Force has evidence showing that Fitzpatrick was aware of the formal EEO complaint when he signed off on Neal's firing, and Neal doesn't address the fact that his own summary-judgment evidence contradicts those beliefs. *See id.*; *see also* ECF No. 72-2 at 10 (email from Air Force equal

4

here or elsewhere in his briefing, that there has been any intervening change of law that relates to these or any of the other discovery issues he raises. He contends in his reply[23] that the evidence he sought but never received constitutes "newly discovered evidence."[24] But if it does exist it isn't newly discovered because it is still yet to be discovered, and Neal doesn't explain how the other newly discovered evidence requirements under 59(e) and 60(b) are satisfied either.[25]

Neal also argues for the first time in his reply that the Air Force's purportedly incomplete discovery responses constitute misconduct under Rule 60(b)(3).[26] Neal cites to *Bunch v. United States*, in which the Ninth Circuit indicated that "the withholding of information called for by discovery" could warrant relief under Rule 60(b)(3).[27] But the *Bunch* court also held that the party seeking post-judgment relief under that rule must "prove by clear and convincing evidence that the [judgment] was obtained through" such misconduct.[28] And Neal hasn't demonstrated that the Air Force actually withheld anything that it should have included in its responses to the

---

opportunity director to Neal explaining why his managers weren't informed of his formal EEO complaint until May 2017, more than a month after he was fired).

[23] Neal makes this and his Rule 60(b)(3) misconduct argument for the first time on reply. ECF No. 96 at 6, 8–9. I briefly address and reject these new arguments, though I need not do so. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief." (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))).

[24] *See* ECF No. 96 at 6.

[25] *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (party seeking relief from judgment under either Rule 59(e) or 60(b)(2) based on newly discovered evidence must show that it "exercised 'due diligence' to discover this evidence" and that the evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case"); *see also Trendsettah*, 31 F.4th at 1136 (same).

[26] ECF No. 96 at 8–9.

[27] *Bunch v. United States*, 680 F.2d 1271, 1282–83 (9th Cir. 1982) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

[28] *Id.*

5

discovery requests that Neal highlights in his briefing.[29]  I also couldn't have erred in not considering this hypothetical evidence on summary judgment because it wasn't before me.  And Neal's run-of-the-mill complaints that discovery didn't produce all or the type of evidence he wanted don't support the existence of manifest injustice or extraordinary circumstances under Rule 60(b)(6).  In short, Neal hasn't demonstrated that his dissatisfaction with some of the Air Force's discovery responses entitles him to post-judgment relief.[30]

### 2. *This isn't the proper vehicle for Neal's objections to discovery rulings, and he doesn't demonstrate that any rulings were erroneous.*

Neal also sets his sights on two motion-to-compel rulings from Magistrate Judge Nancy Koppe, arguing that her denial of these motions "severely prejudiced him" at the summary-judgment stage.[31]  The Air Force responds that "discovery is over," Neal "already made and lost" these arguments, and he failed to appeal any of the rulings that he now complains of.[32]  In his reply, Neal asserts that he didn't seek relief from Judge Koppe's orders because doing so would have delayed summary judgment.[33]  He also contends that any such efforts would have

---

[29] ECF No. 87 at 2–3, 5–6.  For relief under Rule 60(b)(3), Neal would also need to show that the complained-of conduct wasn't "discoverable by due diligence before or during the proceedings." *See Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

[30] Neal also cites to *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997), for the proposition that a party's failure to produce documents is prejudicial. *See* ECF No. 87 at 6.  But *Payne* is materially distinguishable in a number of ways.  Most significantly, *Payne* involved an appeal of a Rule 37 dismissal, not post-judgment relief under Rule 59 or Rule 60.  *Id.*  And the conduct that the court found was prejudicial (and the basis for the case-terminating sanction) was the plaintiff's consistent failure to comply with the court's discovery orders, *id.*, which didn't occur here.

[31] *See* ECF No. 87 at 6–7.

[32] ECF No. 94 at 4.

[33] ECF No. 96 at 9.

6

been futile because she "repeatedly denied his Motion to Compel crucial discovery material facts, severely impacting the outcome of his case."[34]

There is a mechanism for objecting to magistrate-judge orders and a limited timeframe to do so, and Neal didn't use it.[35] Contrary to Neal's belief, objecting to those rulings as the local rules require wouldn't have been futile for multiple reasons, including the fact that I—not Judge Koppe—would have reviewed and ruled on those objections.[36] And if Neal believed that those rulings severely impacted the case and denied him "crucial discovery," he should have timely objected and then sought modification of the summary-judgment deadlines in the scheduling order. The time for addressing such discovery problems has long passed.[37]

Even if I could consider these discovery-ruling complaints in the first instance via a post-judgment motion, Neal doesn't adequately explain how they are grounds for relief under Rule 59(e) or 60(b). Though it is apparent that he believes Judge Koppe erred in denying his motions to compel, Neal's arguments are quite general and focus on the types of documents he wanted to obtain through discovery—not specific mistakes Judge Koppe made in her rulings.[38] And review of these decisions doesn't reveal any apparent errors.

---

[34] *Id.* at 10.

[35] L.R. I.B. 3-1 ("Any party wishing to object to the magistrate judge's order on a pretrial matter must file and serve specific written objections. The deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order.").

[36] *Id.*

[37] *Casey*, 362 F.3d at 1260–61 (no relief under Rule 60(b) when plaintiff complained of a "discovery problem for which the rules provide remedies" and plaintiff hadn't fully taken advantage of those remedies).

[38] *See* ECF No. 87 at 6–7.

Judge Koppe denied the first (without prejudice) simply because Neal didn't satisfy the meet-and-confer requirement.[39] She denied the second for several reasons, but not because she found Neal wasn't entitled to the documents he now complains of not receiving.[40] She refused to compel the Air Force to respond to certain interrogatories because Neal had propounded more than the Federal rules permit.[41] She also rejected Neal's argument that the Air Force hadn't complied with a prior discovery-deadline order because Neal admitted that the Air Force "did provide responses to all of his then-pending discovery requests" before the deadline.[42] And as for Neal's content-based complaints, Judge Koppe observed that Neal provided nothing more than "conclusory arguments as to why [the Air Force's] responses [were] incomplete."[43] Neal hasn't explained how Judge Koppe erred in any of these findings. So even assuming previously unobjected-to mistakes in discovery rulings by a magistrate judge could support a meritorious Rule 59(e) or Rule 60(b) motion, Neal hasn't demonstrated that Judge Koppe's rulings were flawed.

---

[39] ECF No. 60.
[40] ECF No. 69.
[41] *Id.* at 3–4.
[42] *Id.*
[43] *Id.* at 3. In his motion to compel, Neal generally complained that the Air Force hadn't fully responded to certain requests, that his requests were on "important matter[s] relevant to the subject matter at issue in [the] litigation," and that the Air Force had disrupted him from obtaining relevant documents. *See* ECF No. 62. But he never explained why or how particular responses were inadequate. *Id.*

      **B.**    **Neal merely regurgitates the same arguments about his 2017 PAQ evaluation that were rejected on summary judgment.**

Neal contends that I clearly erred in considering his unfavorable performance assessment from 2017.[44] But he just runs back the same arguments that he made on summary judgment; namely, that it is subjective and hearsay and that there aren't additional documents that establish he was a poor performer.[45] Motions to reconsider "may not be used to relitigate old matters."[46] I addressed Neal's complaints about this performance assessment on summary judgment[47] and decline to do so again.[48]

      **C.**    **The court adequately addressed the Air Force's reasons for Neal's firing.**

Neal "materially disputes" the legitimate reason the Air Force provided for firing him and argues that I erred because I "did not address the specific reasons [the Air Force] alleged in his termination memorandum."[49] Neal then paraphrases part of the March 28 termination memorandum,[50] which stated that Neal was being fired because he had "not adhered to

---

[44] ECF No. 87 at 8–12; ECF No. 96 at 8.

[45] *Id.*

[46] *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Casey*, 362 F.3d at 1261 (Rule 60(b) motion isn't a vehicle to relitigate merits issues).

[47] ECF No. 81 at 14–16.

[48] Neal also submitted a supplemental declaration to his motion to reconsider about a week after that motion was filed. ECF No. 91. In it, he makes the same complaints about the basis (or lack thereof) for the 2017 PAQ evaluation report, discusses the filing of his informal and formal EEO complaints, and reiterates various arguments related to the validity of the reasons the Air Force provided for firing him. *See id.* at 3–7. I have considered this declaration but, for the reasons explained in this section and throughout this order, it doesn't change my determination.

[49] ECF No. 87 at 12.

[50] *Id.* at 12 ("[T]he Plaintiff disputed the Defendant's 'established standards of professional conduct required by the Air Force and that of a federal employee' reason when he provides the AF Core Document that demonstrated established standards required by the Air Force and that of a federal employee, in this case, the Plaintiff's Realty Specialist position." (cleaned up)).

9

established standards of satisfactory professional conduct required by" the Air Force,[51] and he argues that there wasn't sufficient evidence to support such a statement.[52] Neal goes on to reference a document that he also highlighted on summary judgment—titled "Air Force Core Personnel Document"—and argues that he adhered to its standards and his supervisor David Cruikshank "failed to implement" it.[53] He also contends that I clearly erred in interpreting his summary-judgment arguments about this document because he wasn't actually arguing that the Air Force should have used it to assess performance instead of the PAQ evaluation reports.[54]

Neal's arguments in this section are somewhat difficult to discern, but they largely mirror issues he raised in his summary-judgment briefing and none are grounds for the post-judgment relief that he seeks. The summary-judgment order covered the Air Force's reasons for firing Neal and his arguments regarding the legitimacy of those reasons,[55] so Neal's contention that I erred by not considering them is without merit. It also discussed the sufficiency of the Air Force's evidence supporting these reasons (and Neal's failure to present specific and substantial evidence showing that they were mere pretext),[56] so this argument doesn't move the needle either. Contrary to Neal's assertions, he did contend on summary judgment that the Air Force should have been using the aforementioned personnel document to assess his performance instead of the quarterly PAQ evaluation reports.[57] And I addressed his argument that the Air

---

[51] ECF No. 77-2 at 12 (March 28 termination memorandum).
[52] ECF No. 87 at 13.
[53] *Id.*
[54] *Id.*
[55] *See* ECF No. 81 at 10–12, 16–20.
[56] *Id.* at 16–20.
[57] *See, e.g.*, ECF No. 77 at 17. Neal objected to the 2017 PAQ evaluation report because it didn't "adhere to the AF Performance guideline," which—according to Neal—was the "accurate document . . . for performance requirements for [his] PAQ Realty Position," and he also argued

Force erred by not "implementing" this document in the summary-judgment order,[58] so this too isn't grounds for post-judgment relief.

### D. Neal's new attacks on the March 28 termination memo are unavailing.

Neal raises several new complaints about the March 28 termination memo that Cruikshank authored.[59] He first highlights a purported inaccuracy in one of the sentences: that the memo states he emailed co-workers about not feeling safe working with another Air Force employee, when the emails were actually sent to "his PAQ coordinators."[60] Though Neal cites to an email submitted as an exhibit to his response to the Air Force's summary-judgment motion,[61] he doesn't argue that he raised this purported inconsistency in his summary-judgment briefing and I erred by not considering it. So it is unclear how this inaccuracy provides grounds for relief under Rule 59(e) or 60(b).[62] And even if I could properly consider it at this juncture, Neal doesn't explain why Cruikshank referring to PAQ coordinators as Neal's co-workers, even if technically inaccurate, is indicative of pretext. Neal also takes issue with a statement from that same memo about "capitalization" being one of his required duties.[63] But this too isn't an issue that he raised on summary judgment. And regardless, the documents that Neal now submits and

---

that his supervisors erred by not adhering to this personnel document's requirements in evaluating his performance. *Id.*

[58] ECF No. 81 at 20–21.

[59] ECF No. 87 at 14.

[60] *Id.*

[61] *See id.* (citing to "Exhibit 18," which is found at ECF No. 77-2 at 69).

[62] *Exxon Shipping*, 554 U.S. at 485 n.5 (reconsideration motion can't be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment" (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995))).

[63] ECF No. 87 at 15.

cites to in support of this argument don't establish that capitalization wasn't part of Neal's duties.[64] So these previously unaddressed issues related to Neal's termination memorandum aren't grounds for relief either.

>   **E.   Neal's contention that the court didn't follow summary-judgment standards is incorrect.**

For the first time in his reply, Neal contends that the court "committed a clear error and mistake when it did not follow Cross Motion Standard principles and law."[65] He argues that I erred by only considering the summary-judgment evidence that he submitted and failing to rule on the Air Force's summary-judgment motion "individually on a separate basis."[66] But this argument would be unavailing even if Neal had properly made it in his initial motion rather than just in his reply. I carefully and completely considered the briefs and evidence that he and the Air Force submitted and cited to both his and the Air Force's evidence and arguments throughout the summary-judgment order.[67] I also ruled on each motion separately, denying Neal's motion for summary judgment and granting the Air Force's.[68] So Neal hasn't shown clear error or mistake in my application of general summary-judgment standards.

---

[64] One document, titled "Supervisor's Role," contains a general overview of how individual development plans for interns are used in the Air Force program that Neal participated in. ECF No. 87-1 at 2. The other lists a series of courses for Air Force realty specialist trainees, some of which are mandatory and some of which are only "elective" or "recommended." *Id.* at 4. It doesn't appear that Neal discussed or submitted either document at the summary-judgment stage. And they at most establish that that there wasn't a course specifically titled "capitalization" that Neal had to take as part of his individual development plan.

[65] ECF No. 96 at 7.

[66] *Id.*

[67] *See* ECF No. 81.

[68] *Id.* at 22.

## II. Motion to stay judgment

Neal also moves "for an order to stay judgment or order of this District Court pending appeal."[69] He brings this motion under "Federal Rules of Appellate Procedure 8 and Federal Rules of Appellate Procedure 4" and states that it "is based on all papers and pleadings on file."[70] The Air Force opposes, arguing that Neal "fails to cite the applicable Federal Rule of Civil Procedure or explain why a stay of judgment is appropriate or necessary."[71] And it contends that FRCP 62 "governs stays of enforcement of judgments in civil cases," Neal "has not provided a bond or other security" as that rule requires, and he "cannot carry his burden to objectively show why a bond should not be required."[72]

Neal doesn't adequately explain the grounds for his motion or why a stay is warranted, especially considering the type of judgment he is seeking to stay. While parties are entitled to stays of money judgments as a matter of right when an adequate bond has been properly posted,[73] Neal hasn't posted a bond and, more importantly, there is no money judgment against him here. Courts have the discretion to grant stays in other scenarios as well,[74] but "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion."[75] Neal's motion consists of a single short paragraph in which he just refers to two

---

[69] ECF No. 86 at 1.

[70] *Id.*

[71] ECF No. 95 at 1.

[72] *Id.* at 1–2.

[73] *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)).

[74] *See, e.g., Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020).

[75] *Id.* at 1006 (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

13

procedural appellate rules[76] and asserts that his stay request is generally based on the entire docket.[77] That isn't enough to establish that such relief is warranted. Among other things, "[a]n applicant for a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the applicant while the appeal is pending."[78] Given the absence of any money judgment or injunction (or other type of equitable remedy) entered against Neal, it isn't clear how declining to stay the summary-judgment order harms him at all, much less irreparably. So I deny Neal's motion to stay the judgment.

## Conclusion

IT IS THEREFORE ORDERED that Neal's motion to reconsider **[ECF No. 87] is DENIED.**

IT IS FURTHER ORDERED that Neal's motion to stay **[ECF No. 86] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
August 2, 2024

---

[76] Of the appellate rules that Neal references, only Federal Appellate Rule of Procedure 8 deals directly with stays pending appeal, and (at least as is relevant here) it just notes that a party ordinarily must first move in the district court if it is seeking "a stay of the judgment or order of a district court pending appeal." *See* Fed. R. App. P. 8(a)(1).

[77] ECF No. 86 at 1.

[78] *Al Otro Lado*, 952 F.3d at 1007 (citing *Nken*, 556 U.S. at 434).

14